UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUNIOR JUMPP,  :  <br>    Plaintiff,  : | |
| : | |
| v.  : | Case No. 3:20cv1342(KAD) |
| : | |
| THOMAS WINTON, ET AL.,  : <br>    Defendants.  : | |

## **ORDER**

The plaintiff, Junior Jumpp, is currently confined at the Corrigan-Radgowski Correctional Institution ("Corrigan-Radgowski"). He initiated this action by filing an application to proceed *in forma pauperis* and a civil rights complaint against Kitchen Supervisor Manager Thomas Winton, Kitchen Supervisor Staff Member Tiede, Kitchen Supervisor Staff Member Brown and Warden Martin. On September 16, 2020, Jumpp filed a new application to proceed *in forma pauperis* in response to the court's Notice of Insufficiency. *See* IFP, ECF No. 10. On December 11, 2020, Magistrate Judge Garfinkel granted Jumpp's new application to proceed *in forma pauperis*. *See* Order, ECF No. 15. Because Jumpp previously has had at least three cases dismissed as frivolous, he is subject to the three strikes provision of 28 U.S.C. § 1915(g). Accordingly, the court issues the following supplemental order clarifying the basis for granting his application to proceed *in forma pauperis*.

The Prison Litigation Reform Act amended the statute governing proceedings filed *in forma pauperis.* This amendment was intended "[t]o help staunch a 'flood of nonmeritorious' prisoner litigation." *Lomax v. Ortiz-Marquez*, ––– U.S. ––––, 140 S. Ct. 1721, 1723 (2020)

(quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)).  In relevant part, Section 804(d) of the Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court has previously dismissed at least three cases filed by Jumpp as frivolous.  *See, e.g., Jumpp v. Marinelli*, 3:13cv615(AWT) (dismissed June 28, 2013); *Jumpp v. Reyes*, 3:13cv637(AWT) (dismissed May 13, 2013); *Jumpp v. DOC*, 3:13cv505(AWT) (dismissed May 13, 2013).  Because the three strikes provision applies in this case, Jumpp may not bring this action without payment of the filing fee absent allegations of "imminent danger of serious physical injury."  *See Pettus v. Morganthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("indigent three-strikes prisoner [may] proceed IFP in order to obtain a judicial remedy for an imminent danger").  To proceed without prepayment of the filing fee, Jumpp must meet two requirements: (1) the imminent danger of serious physical injury he alleges is fairly traceable to unlawful conduct alleged in the complaint and (2) a favorable judicial outcome would redress the injury. *See id.* at 296-97.  In addition, the danger of imminent harm must be present at the time the complaint is filed.  *See id.* at 296.  If Jumpp meets this requirement, *in forma pauperis* status applies to all claims in the complaint.  *See Chavis v. Chappius*, 618 F.3d 162, 171-72 (2d Cir. 2010).

Jumpp alleges that he is allergic to onions and tomatoes and that if he eats either food, he has an allergic reaction that includes difficulty breathing and the need for immediate medical assistance.  Jumpp further alleges that various defendants have repeatedly failed to ensure that the meals provided to him do not contain onions and tomatoes. He contends that his medical file

2

contains an order documenting his allergies to both foods.  On September 3, 4, 5, and 6, 2020, Jumpp received a food tray that contained either onions and/or tomatoes.  On September 3, 4, and 5, 2020, he was able to observe the presence of onions and/or tomatoes or a kitchen staff member was able to confirm whether either food item was an ingredient in any other item on the tray.  On September 6, 2020, however, Defendant Tiede assured Jumpp that there were no onions or tomatoes on his food tray but in fact one or both was present and Jumpp had an allergic reaction causing his throat to swell up and to interfere with his breathing.  Jumpp received immediate treatment from a medical provider at Corrigan-Radgowski.

These allegations satisfy the imminent harm exception to the three-strikes rule. *See Chavis v. Kienert*, 2005 WL 2452150, at *23 (N.D.N.Y. Sept. 30, 2005) (recognizing that food allergies can become life-threatening but finding food allergy causing hive attacks not sufficiently serious).  And it is clear that the relief sought will redress the harm alleged if Jumpp is successful in the adjudication of his complaint. The court's determination on these issues is without prejudice to the defendants seeking reconsideration upon presentation of contrary evidence.

**Conclusion**

The **Order**, [**ECF No. 15**], **GRANTING** Jumpp's Application to Proceed *In Forma Pauperis*, [**ECF No. 10**], is clarified as set forth above.

SO ORDERED at Bridgeport, Connecticut this 22nd day of December 2020.

__/s/_____
Kari A. Dooley
United States District Judge